UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA, )
                          )
            Plaintiff,    ) No. CR-12-045-3-JLQ
    vs.                   )
                          ) MEMORANDUM OPINION
                          ) RE: SENTENCING
LUIS ALBERTO MARTINEZ FRANCO, )
aka Jose Luis Galicias-Camacho, )
                          )
            Defendant.    )
_____)

A sentencing hearing was held in this matter which spanned four hours over the afternoon of January 10, 2013, and the morning of January 11, 2013. Defendant was present, in custody, and represented by Federal Defender Andrea George and Assistant Federal Defender Amy Rubin. The Government was represented by Assistant United States Attorney Stephanie Lister. The court heard and resolved several sentencing issues including: 1) whether an obstruction of justice enhancement was appropriate; 2) the adequacy of Defendant's criminal history calculation; and 3) whether Defendant was safety-valve eligible. The court, taking into consideration the factors under 18 U.S.C. § 3553(a) then pronounced the Judgment of the court imposing a sentence of 151-months, the low end of the calculated Sentencing Guideline range, which the court considered, but was not bound by. This Memorandum will memorialize and supplement the oral rulings of the court.

**I. Obstruction of Justice**

The first issue presented was whether Defendant's actions in providing a false name to law enforcement and/or the court and his outburst during the first trial

ORDER - 1

concerning someone killing his uncle merited a 2-level enhancement for obstruction of justice under USSG § 3C1.1. The court put counsel on notice that it was considering such adjustment in its Order of November 28, 2012. (ECF No. 242). The Government contended the enhancement applied in its Notice of Review of Presentence Report (ECF No. 248) and Defendant opposed such adjustment in his Sentencing Memo (ECF No. 256).

In order for the provision of false information to law enforcement to support the enhancement, the information must have "significantly obstructed or impeded the official investigation." Application Note 4(G) to § 3C1.1. Merely providing a false name to an arresting officer will generally not support the adjustment. Application Note 5(A) to § 3C1.1. After hearing argument of counsel, the court determined that the Government did not establish that the false information significantly obstructed or impeded the investigation or prosecution. The court also considered whether the trial outburst in the hearing of the jury concerning the alleged killing of Defendant's uncle, made as the jury was retiring to deliberate in the first trial, constituted unlawfully influencing the jury or attempting to do so under Application Note 4(A). The court determined such conduct, in and of itself, while inappropriate, did not rise to the level of obstruction of justice.

The court also determined whether the Defendant provided materially false information to a judge or magistrate judge. Under Application Note 5(F) such conduct is obstruction of justice. Defendant did not disclose his true and correct name until his testimony during the first trial. The Government was unable to establish anywhere in the transcript of court proceedings where the Defendant stated he was Jose Luis Galicias-Camacho, the name he gave to law enforcement, the name he was charged under, and the name he had apparently been using with regularity since 2002. He was not asked to confirm his name at his Arraignment/Initial Appearance (ECF No. 257). The Government contends he made false representations to the court by signing a financial affidavit as Galicias-Camacho and signing a Notice of Rights form. (ECF No. 24 & 25).

ORDER - 2

As Defendant concedes, any materially false statement to the court invokes the enhancement for obstruction, regardless of the impact of the statement. (See Defendant's Sentencing Memo, ECF No. 256, p. 2). It is the submitting of the financial affidavit and Notice of Rights form, both signed by Defendant under the Galicias-Camacho name, which comes the closest to meriting the enhancement. In *United States v. Hernandez-Ramirez*, 254 F.3d 841, 842 (9th Cir. 2001), the Ninth Circuit addressed for the first time "whether submission of a false financial affidavit to a magistrate judge for the purpose of obtaining appointed counsel is sufficiently related to the offense of conviction to support the adjustment [for obstruction of justice under 3C1.1]". The Ninth Circuit held that it was. However, that case can be distinguished because the defendant therein made false statements about his assets and debts. Here, the false statement concerned Defendant's true and correct name. However, some courts have held that submitting a false financial affidavit under a false identity merits the obstruction of justice enhancement. See *United States v. Mafanya*, 24 F.3d 412 (2nd Cir. 1994)(applying the enhancement and finding defendant "lied to the magistrate judge by submitting a financial affidavit under a false identity.").

Based on defense counsels' representations as to how and when those forms were prepared in this case, the court found that they were not prepared/signed in open court. Based on the Defendant asking to address the court on the first day of the first trial before jury selection to correct his name, the court concluded that, while a close call, Defendant's conduct did not rise to the level of obstruction of justice.

**II. Criminal History**

The Government argued that a criminal history ("CH") score of zero points and CH level I seriously underestimates Defendant's CH. The Government argued that the court should adjust the CH level upward based on Defendant's 35 administrative removals, and based on that fact that on 3 occasions Defendant was apprehended while

ORDER - 3

driving a vehicle with 10 or more illegal aliens, which is suggestive of alien smuggling. However, none of Defendant's prior arrests resulted in prosecution.

The presentence report ("PSR") notes these 35 prior arrests and 3 instances where Defendant was driving a vehicle with 10 or more illegal aliens. (PSR ¶ 54). No timely objection to this factual recitation in the PSR was made by the defense. The deadline for objections to the PSR was originally December 3, 2012. (ECF No. 216). Defendant moved to extend that deadline, and was granted until December 20, 2012. (ECF No. 242). Despite the extension, no timely objections were made. At the sentencing hearing, Defendant contested whether there was sufficient evidence to establish that he was the individual involved in the 35 arrests. Defendant challenged the fingerprint and photographic evidence establishing that he was involved in the prior arrests. The Government called Agent Lance Lyons as a witness, and he provided information on the three A-files and the photographic and fingerprint identification. Fingerprints and photographs were necessary to identify Defendant because he had used over 20 different names and over 10 different dates of birth during his 35 arrests.

Defendant contended at sentencing that he had timely raised the issue by mentioning it at page 7 of his Sentencing Memorandum which was filed on January 4, 2013, two weeks after the deadline for objections. The court finds Defendant did not timely raise objection to the PSR's statements concerning prior arrests. However, the court did hear the testimony of Agent Lyons on the issue and defense counsel was allowed a lengthy cross-examination. After considering the testimony and the photographic and fingerprint evidence, the court found by a preponderance of the evidence that Defendant was the individual involved in the prior 35 arrests.

The court then considered whether Defendant's conduct was "prior similar adult criminal conduct not resulting in a criminal conviction" for purposes of USSG § 4A1.3(a)(2)(E). The Government argued the conduct indicative of prior alien smuggling was "similar" to the instant offense of drug smuggling. However, the court also

ORDER - 4

considered that a "prior arrest record itself shall not be considered for purposes of an upward departure".USSG §4A1.3(a)(3). Additionally, for whatever reason, Defendant was not prosecuted based on any of these prior arrests. The court also found convincing Defendant's argument that the occasions which the Government considered indicative of alien smuggling all occurred at least 12 years prior to the instant offense. Accordingly the court found an inadequate basis for upward departure of CH, and thus the final Guidelines calculation was offense level 34, CH - I, Guideline Range of 151 to 188 months.

### III. Safety Valve Relief

The Defendant argued in his Sentencing Memorandum that he was eligible for safety valve relief under 18 U.S.C. § 3553(f), which would allow the court to impose a sentence below the mandatory minimum 10-year sentence. As the court stated at sentencing, the Guidelines range is above the mandatory minimum, and even if Defendant was eligible for safety valve relief, this court would not impose a sentence below the mandatory minimum. However, the court concluded that Defendant was not so eligible. Defendant bears the burden of proving his eligibility for safety valve by a preponderance of the evidence. *United States v. Diaz-Cardenas*, 351 F.3d 404, 409 (9th Cir. 2003); *United States v. Shrestha*, 86 F.3d 935, 940 (9th Cir. 1996).

Defendant must establish five criteria: 1) the Defendant does not have more than one criminal history point; 2) the Defendant did not use violence or possess a firearm in connection with the offense; 3) the offense did not result in death or serious bodily injury to a person; 4) the Defendant was not an organizer, leader, manager, or supervisor of others in the offense and was not engaged in a continuing criminal enterprise; and 5) the Defendant has truthfully provided to the Government all information and evidence that he has concerning the offense. *United States v. Ferryman*, 444 F.3d 1183, 1185-86 (9th Cir. 2006); 18 U.S.C. § 3553(f).

ORDER - 5

Defendant meets the first and second criteria. Criteria three, four, and five are at issue. In order for Defendant to be safety valve eligible, the offense must not "result in death or serious bodily injury to any person." § 3553(f)(3). Defendant was convicted of possession with intent to distribute cocaine on both January 19, 2012, and April 30, 2012. The trial testimony was that on the January 2012 trip, Defendant was moving the cocaine with another individual, Encarnacion, and that Encarnacion died as a result of exposure to the elements in the cold and snow near the Canadian border. The court concluded that the possession and transportation of the cocaine resulted in the death of Encarnacion. Had Encarcion and the Defendant not been attempting to smuggle the cocaine across the border, he would not have been exposed to the elements. The case of *United States v. Lerma*, 255 Fed.Appx. 440 (11th Cir. 2007) is somewhat similar. In *Lerma*, defendant and eight others were smuggling cocaine on a boat. When the Coast Guard approached, some of the crew members set fire to the boat. Defendant himself suffered burns and argued that he saved another co-defendant by giving him a life jacket and pushing him overboard. The defendant was found to not be safety valve eligible because the offense had resulted in death or serious injury.

This court also found that Defendant was an "organizer, leader, manager, or supervisor others" in regard to this offense. On the April 30, 2012 trip to retrieve the cocaine, Defendant knew where it was and led the two co-defendants, Jose Luis Castro-Mejia and Jose Daniel Gonzalez-Rodriguez to retrieve it. Those individuals were acting as the Defendant's mules. The court finds the Defendant acted as a supervisor and leader on the April 30, 2012 trip.

The court also found that Defendant did not meet the fifth element–he did not truthfully provide to the Government all information and evidence he had. The Government argued he had not and did not recommend application of the safety valve. Defendant primarily relied upon discussions he had with law enforcement in May 2012 in arguing that he had been truthful with the Government. In May 2012, Defendant was

ORDER - 6

not even truthful with the Government concerning his own identity. The Government has argued this impeded their investigation. This court finds that Defendant has not established by a preponderance of the evidence that he truthfully provided to the Government all information and evidence he had concerning the offenses.

### IV. Conclusion

The court determined the applicable Guidelines Range was 151 to 188 months. The court determined Defendant was not safety valve eligible. The court then considered the factors under § 3553(a) and imposed a sentence of 151 months.

**IT IS SO ORDERED.** The Clerk shall enter this Order and furnish copies to counsel.

Dated this 16th day of January, 2013.

>                    s/ Justin L. Quackenbush
>                 JUSTIN L. QUACKENBUSH
>        SENIOR UNITED STATES DISTRICT JUDGE